## No. 7017.

### SCOTT & WILLIAMS VS. THE SHERIFF ET AL.

It is only in cases in which the execution of a judgment is enjoined, that, on the trial of the injunction, the sureties on the injunction bond are parties to the suit. It is therefore only in such cases that the sureties can be condemned in damages, in the judgment dissolving the injunction. In all other cases the sureties must be proceeded against by a separate action on the bond.

APPEAL from the Thirteenth Judicial District Court, parish of East Carroll. *Hough, J.*

*A. W. Roberts* and *Leonard & Kennedy* for plaintiff and appellant.

*Montgomery & Deloney* for defendant and appellee.

The opinion of the court was delivered by

DeBLANC, J. Algernon Manning, the real defendant in this suit, obtained from the parish court, as creditor of the succession of Wil-

liam Sutton, an order authorizing the sale of property belonging to said succession, to satisfy his claim. This order was obtained with the consent of R. R. Scott, one of the plaintiffs, who was then acting as the executor of William Sutton's will.

Under Manning's application, a writ issued to the sheriff and, in obedience to its terms, he took possession of twenty-five mules inventoried as the property of Sutton, placed them in charge of Williams, one of the plaintiffs, as keeper, and—on the thirty-first of December 1874— he offered at public auction, after an advertisement of a month, twenty of said mules, which he adjudicated to Algernon Manning for *about* eighty dollars each, and instantly delivered to his agent and attorney. Neither that sale, nor the order under which it was made was introduced in evidence on the trial.

Two days after the sale and delivery of the mules to Manning, plaintiffs presented to the district judge a petition in which they alleged that the mules, to sell which an order had been procured at the request of one of them, and—in pursuance to that order—left in the other's charge, as the sheriff's keeper, were not the property of the estate of William Sutton, but had been purchased by and belonged to them.

In their petition, they also averred that the sheriff had attempted to sell said mules on the thirty-first of December 1874, and prayed for writs of injunction commanding the sheriff and Manning, " not to proceed any further in the seizure of said mules, not to take them from their possession, or attempt to hold them until further order of the court."

On their representations, the injunction applied for was granted by the parish judge, in the absence of the district judge, on condition that plaintiffs should furnish bond in the sum of two thousand dollars. The required bond was given, with D. L. Morgan and Wm. Maguire, as sureties.

In answer to the injunction, Manning urges its illegality and the illegality of all the proceedings had under it, alleges that plaintiffs have taken possession of the mules acquired by law, and asks that they and the sureties on the injunction bond be condemned to pay him the sum of two thousand dollars, the value of the mules, and—besides—his attorney's fees.

The case was tried, plaintiffs' injunction dissolved and they and their sureties on the injunction bond condemned to pay to defendant, as special damages for the value of the mules and attorney's fees, thirteen hundred and ten dollars. From that judgment, D. L. Morgan, one of the sureties has alone carried his appeal to this court.

It is only in those cases in which the execution of a judgment is enjoined, that—on the trial of the injunction—the sureties on the bond

are, by law, considered as parties to the suit. In all others, the successful defendant is left to his action on the bond.

C. P. 304. 3d A. 476. 1 R. R. 142. 17 L. 176.

Fully convinced themselves of that indisputable fact, defendant's counsel—in the last paragraph of their brief—dismiss that important question with the remark "that it is not raised, and need not be discussed."

D. L. Morgan was not a party to the suit in which the judgment appealed from was rendered. That was so manifest, that the bond on which alone he could have been held liable, and which—as to him— could not be considered as a part of the proceedings which were before the court, was not even introduced in evidence. He appeared in that court only after the rendition of the judgment, to appeal from it, and he contends—here—that it was premature. Of this, there can be no doubt and Manning's own interest commands the judicial declaration of an indefensible nullity.

It is, therefore, ordered, adjudged and decreed that, as to D. L. Morgan, the judgment appealed from is annulled, avoided and reversed at defendant's costs in both courts, and that every right and action of said defendant on the bond herein referred to, and every other right or action to which he may be entitled on account of plaintiffs' injunction, be and they are specially reserved.